UNUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD BARCEY,

       Plaintiff,                      CIV. NO. 14-10249

       v.                              HON. TERRENCE G. BERG

LA BEAU, INC.

       Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT (DKT. 9)**

      This is a case brought under the Fair and Accurate Credit Transactions Act ("FACTA"). The single count of the Complaint (Dkt. 1) asserts a claim under FACTA's amendments to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681c(g). In 2003, Congress enacted FACTA, as an amendment to the FCRA, in response to the growing problem of identity theft. FACTA attempts to reduce the misappropriation of personal credit card information by prohibiting merchants from creating receipts that record the entire credit card number. Accordingly, FACTA states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date[1] upon any receipt provided to the cardholder at the point of the sale or transaction" 15 U.S.C. § 1681c(g)(1).

---

[1] For example, in order to comply with FACTA, a credit card receipt should read as follows: "Card XXXX XXXX XXX1 2345, Exp. Date XX/XX."

FACTA employs the damages scheme provided by FCRA, permitting the recovery of either statutory damages – between $100 and $1,000 – or actual damages, and punitive damages "as the court may allow," as well as reasonable attorney's fees and costs for a willful violation of the statute. *See* 15 U.S.C. § 1681n.

## FACTUAL BACKGROUND

Defendant La Beau, Inc. d/b/a Luigi's Restaurant/El Toro Pub ("Defendant" or "Luigi's") is a pizzeria located in Flint, Michigan. According to the allegations in the Complaint and evidence of record, Plaintiff Todd Barcey ("Plaintiff") is apparently quite fond of Luigi's pizza. He visited Luigi's at least 20 times between December 18, 2012 and January 25, 2013, purchasing food or beverages each time, and generating a receipt.[2] Plaintiff used his Visa debit card to pay for his purchases (which ranged between $51.90 and $7.78, inclusive of gratuities), and received printed receipts from Luigi's (Dkt. 9, Ex. 4). All of the receipts given by Defendant displayed Plaintiff's entire Visa debit card number, as well as the card's expiration date, in violation of FACTA.

## PROCEDURAL HISTORY

The procedural history of this case is straightforward. Plaintiff sued Defendant on January 19, 2014 (Dkt. 1). The Summons and Complaint were personally served upon Defendant on March 3, 2014 (Dkt. 3). Defendant never filed a responsive pleading, thus Plaintiff requested a clerk's entry of default on May 20,

---

[2] The actual dates of Plaintiff's visits, according to the receipts submitted in support of this motion, were December 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 30 and 31, 2012, and January 1, 2, 3, 9, 16, 18, 23 and 25, 2013 (Dkt. 9, Ex. 4).

2

2014 (Dkt. 4). The Clerk then entered a default against Defendant on September 11, 2014[3] (Dkt. 5). Plaintiff then moved for the entry of a default judgment (Dkt. 7, amended by Dkt. 9). The Court held a hearing on February 9, 2015; Defendant did not appear. Plaintiff's Complaint alleged that Defendant "willfully" violated FACTA (Dkt. 1 ¶¶ 25, 26). Once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the Complaint. *See Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981). Thus, it has been established that Defendant willfully violated FACTA.

## DISCUSSION

Obtaining a default judgment is a two-step process: first, the party seeking a default judgment files a motion for entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint; second, once the clerk has entered a default, the moving party may then seek entry of a default judgment by the Court against the defaulting party. *See Keesh Construction, Inc. v. United States*, No. 1:02-CV-899, 2004 WL 2536840, *1 n. 1 (S.D. Ohio Sep.28, 2004) (citing Fed. R. Civ. P. 55). Rule 55(b) provides that the clerk may enter a judgment by default when the plaintiff's claim is for a sum certain or for a sum which can be computed with certainty and the defendant has been defaulted for failure to appear and is neither an infant nor incompetent. *See*

---

[3] The clerk's entry of default was delayed from May to September 2014 because Plaintiff's counsel improperly filed the request for a clerk's entry of default as an "ex-parte motion to enter default" (Dkt. 4).

3

*Palladino v. General Crushed Stone Co.*, No. 96-CV-1355, 1997 WL 67792, *1 (N.D.N.Y. Feb.13, 1997) (citing Fed. R. Civ. P. 55(b)).  In all other cases, the party seeking a judgment by default must apply to the court for entry of a default judgment under Fed. R. Civ. P. 55(b)(2). *Id.*

In this instance, because Plaintiff's claims are not for a sum certain or for a sum which can be computed with certainty, a judgment by default must be entered by the Court under Fed. R. Civ. P. 55(b)(2), which states in pertinent part:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary . . .

When a defendant is in default, the well-pleaded factual allegations in the Complaint – except those relating to damages – are taken as true.  *See Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995).  Rule 55 does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the Court to conduct such hearings as it deems necessary and proper to enable it to enter judgment or carry it into effect.  *See* Wright, Miller & Kane, Federal Practice and Procedure, Civil 3rd § 2688.

4

In the case before the Court, Plaintiff is asking for a judgment ordering Defendant to pay $20,000 in statutory damages, based upon the 20 paper receipts that contained Plaintiff's entire credit card number and expiration date, and calculating the damage amount at $1000 per-receipt. (Dkt. 9). The $1,000-per-receipt calculus seeks the maximum possible amount of statutory damages available under the FCRA.[4] *See* 15 U.S.C. § 1681n. In support of this request, Plaintiff cites *Shurland v. Bacci Cafe & Pizzeria On Ogden, Inc.*, No. 08 C 2259, 2011 WL 3840339 (N.D. Ill. Aug. 30, 2011) and *Van Straaten v. Shell Oil Products Co., LLC*, 813 F. Supp. 2d 1005, 1014 (N.D. Ill. 2011) rev'd and remanded, 678 F.3d 486 (7th Cir. 2012). These cases, however, do not support Plaintiff's damage calculation. *Van Straaten*, a District Court's opinion, was reversed by the Seventh Circuit and did not, in any event, definitively determine that a per-receipt damage calculation was appropriate.

As to *Shurland*, the Court presumes that Plaintiff relies upon the following statement: "For a willful violation of the relevant provisions of FACTA, the statute provides for actual damages or statutory damages of between $100 and $1,000 **per occurrence**" *Shurland* at *1 (emphasis added). However, *Shurland* was an order denying the plaintiff's motion for summary judgment, and the quoted statement was part of the Court's introductory recitation describing the nature of the litigation. As such, this statement is not part of *Shurland's* holding and may be

---

[4] Plaintiff also seeks to recover his $400 civil case filing fee, and his $25 process service fee as "costs." Plaintiff's motion for entry of default judgment did not articulate a separate award of reasonable attorney's fees. But rather stated that his $20,425 request was "inclusive of all costs, damages and attorney fees" (Dkt. 9 at 7, CM/ECF pagination).

treated as mere dicta. Moreover, *Shurland* was a putative class action, so the "per-occurrence" statement could plausibly be read to refer to a single statutory damage award per class member.

Moreover, other cases more directly on point have held that FACTA's damage scheme is correctly understood to provide that a Plaintiff is entitled to a single statutory damage award of between $100 and $1000. *See Barcey v. Family Video Movie Club, Inc.,* No. 13-10242, 2013 WL 3271036, at *3 (E.D. Mich. June 27, 2013) (Ludington, J.); citing *Stillmock v. Weis Markets, Inc.,* 385 Fed. App'x 267, 272 (4th Cir. 2010) (adopting a "per-consumer" rather than a "per-receipt" interpretation of § 1681n(a)); *see also id.* at 275 (Wilkinson, J., concurring) ("The statute's emphasis on the consumer reflects a per-consumer rather than a per-receipt approach to damages.... [W]ere we to adopt a per-receipt approach, FACTA would be transformed from a shield for protecting consumer privacy into a sword for dismembering businesses. **Opportunistic cardholders could intentionally make hundreds, if not thousands, of purchases, hoard their receipts, and stream into federal court to collect statutory damages on each one**") (emphasis added); *see also, Ticknor v. Rouse's Enterprises, LLC*, No. 12-1151, 2014 WL 1764738, at *1 (E.D. La. May 2, 2014) aff'd sub nom. *Ticknor v. Rouse's Enterprises, LLC*, No. 14-30550, 2014 WL 6440397 (5th Cir. Nov. 18, 2014) ("A willful violation of [FACTA's] Receipt Provision entitles a plaintiff to recover actual damages or opt for statutory damages, in lieu of actual damages, of between $100 and $1,000 **per consumer**") (emphasis added).

6

This conclusion also finds support in the language of the statute. The damage provision for a violation of FACTA is provided in 15 U.S.C. § 1681n, which states, "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to **any consumer** is liable to **that consumer** … damages of not less than $100 and not more than $1,000" 15 U.S.C. § 1681n(a) and (a)(1)(A) (emphasis added). This language does not support the conclusion that damages are to be calculated on a per-receipt, or "per-violation," basis. A plain reading of the statute leads to the conclusion that damages should be calculated on a per-consumer basis.

Furthermore, as noted earlier, while it is possible that Plaintiff was simply extremely fond of Luigi's pizza – eager to dine there or get take-out almost every day for over a month – it is equally plausible that Plaintiff stumbled upon a business whose paper receipts violated FACTA, and then intentionally kept returning to make purchases in an effort to pad his statutory damage claim. A prior case in this district involving Plaintiff suggests that this deduction might not be too far-fetched. In *Barcey v. Family Video Movie Club, Inc,* another FACTA case, this same Plaintiff:

> [S]hopped at Defendant Family Video Movie Club. Quite a lot, it would turn out. At some point in 2012, he made a purchase at a Family Video store with his debit card. He saw that the receipt displayed the first two and last four digits of the debit card number. And so he set off to other Family Video stores. At each store, Plaintiff made purchases with his debit card. Those receipts also displayed the first two and last four digits of the debit card number. Eventually, after traveling to 105 Family Video stores in Michigan and Ohio, Plaintiff came to this Court.

7

*Barcey v. Family Video Movie Club, Inc.*, No. 13-10242, 2013 WL 3271036, at *1 (E.D. Mich. June 27, 2013). This conduct appears to be precisely the type of receipt-hording behavior that the Fourth Circuit warned against in *Stillmock*, when it announced a "per-customer," rather than a "per-receipt," method of damage calculation.

Nevertheless, Defendant has defaulted, is liable for damages, and the Court must decide upon a proper damage award, between $100 and $1,000. In the default judgment context, District Courts have wide discretion in setting damages within a statutory range. *See, e.g., Disney Enterprises v. Farmer*, 427 F. Supp. 2d 807, 816 (E.D. Tenn. 2006) (copyright infringement case). Based upon the record presented, the Court finds that a statutory damage award of $300 would be sufficient to deter Defendant from violating FACTA in the future. Plaintiff's 20 purchases from Luigi's totaled $323.76. A damage award of this amount would be sufficient, should Plaintiff still have such an appetite, to provide nearly month's supply of free Luigi's pizza. It also will operate as the equivalent of a "stiff fine" that should remind Defendant of its obligation to comply with a law that is intended to protect consumers and discourage identity theft.

At the hearing, Plaintiff also requested an award of punitive damages. The statute allows for punitive damages "as the court may allow." *See* 15 U.S.C. § 1681n. The Court does not believe that a punitive damage award is warranted in this case. If Defendant were to continue to issue receipts in violation of FACTA after having been required to pay these damages, such conduct could certainly merit

8

such an award of punitive damages. The Court will, however, award Plaintiff's request for $425 in costs.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for entry of default judgment (Dkt. 9) is **GRANTED**. Plaintiff is awarded $300 in statutory damages, and $425 in costs ($400 civil case filing fee, and $25 process service fee). Thus, the Court will enter a Judgment in Plaintiff's favor, and against Defendant, in the total amount of $725.

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
Dated: February 17, 2015          UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically submitted on February 17, 2015, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager